UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| AXIS INSURANCE COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:19-cv-00165-DRL-SLC |
| | ) |
| AMERICAN SPECIALTY | ) |
| INSURANCE & RISK SERVICES, | ) |
| INC., | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

Before the Court is a motion for a more definite statement filed by Defendant American Specialty Insurance & Risk Services, Inc. ("American Specialty"), on September 3, 2019 (ECF 34), and an accompanying brief in support thereof (ECF 35). Plaintiff Axis Insurance Company ("Axis") filed a response on September 23, 2019 (ECF 37), to which American Specialty replied on September 30, 2019 (ECF 39). The issue is therefore fully briefed and ripe for ruling. For the following reasons, the Court DENIES American Specialty's motion (ECF 34).

*A. Background*

This action was initiated on April 16, 2019, when Axis filed its first complaint against American Specialty, claiming breach of contract and requesting declaratory judgement as to the party's responsibilities under the contract. (ECF 1). Axis subsequently amended its complaint on April 18, 2019 (ECF 8), to which American Specialty filed an answer (ECF 14). In response to a subsequent motion to dismiss (ECF 12), Axis sought and received the Court's permission for

leave to file a second amended complaint (ECF 21, 30).[1]  This second amended complaint was filed on August 19, 2019 (ECF 31), prompting the present motion (ECF 34).

Axis's second amended complaint, which dropped the declaratory judgment claim, is nineteen pages—eighteen if you omit the final page which only contains a signature line and a certificate of service—and one hundred and thirty-eight paragraphs long.  (ECF 31).  Paragraphs 1-6 summarize Axis's alleged cause of action.  Paragraphs 7-14 assert jurisdiction and venue.  Paragraphs 15-19 identify the parties.  Paragraphs 20-25 assert the contractual relationship between the parties and identify three written agreements which make up the contract at issue here:  (1) the Program Management Agreement ("PMA") which allegedly incorporates the (2) Underwriting Guidelines Addendum ("UGA") and (3) the Claims Service and Management Agreement ("Claims Agreement").  More specifically, this section states that American Specialty agreed to act as a managing general agent and underwriter of Axis's sports and leisure program pursuant to the PMA.  Paragraphs 26-42 detail American Specialty's alleged obligations under the PMA, while paragraphs 43-50 and 51-57 detail American Specialty's alleged obligations under the UGA and Claims Agreement respectively.  Paragraphs 58-128 assert the facts which Axis claims amount to a breach of contract, stemming from American Specialty's allegedly unauthorized extension of coverage to a professional sports team ("the Team") and its resulting failure to defend and indemnify Axis in the subsequent insurance dispute.  Paragraphs 129-138 detail the parties failed attempt to arbitrate this matter, summarize Axis's claim, and make a prayer for relief.

Axis summarizes American Specialty's breach in paragraph 136 as follows:

---

[1] In its motion for leave to amend, Axis also requested the Court strike much of American Specialty's answer to its initial amended complaint (ECF 14) as unresponsive.  (ECF 21).  The Court, after granting Axis leave to amend its complaint, denied the request to strike as moot.  (ECF 30; ECF 32)

> American Specialty materially breached the PMA and related agreements, all of
> which are incorporated by reference into the PMA, by, among other things, failing
> to (a) fully inform and obtain necessary underwriting approval from AXIS, (b)
> schedule any primary employers liability insurer or underlying employers liability
> policy, (c) maintain complete and accurate paperwork relating to the policies
> issued to the Team, (d) protect AXIS's interests in its claims handling and
> preserve AXIS's defenses, and (e) indemnify AXIS.

(ECF 31 ¶ 136; *see also* ECF 37 at 3).

American Specialty now asserts that despite the "sheer volume (138 paragraphs for a single count)" of Axis's second amended complaint, "it fails to identify which specific contract terms are at issue." (ECF 35 at 1-2). As such, "American Specialty cannot discern from the Second Amended Complaint the factual and legal bases for its asserted breach of contract claim." (*Id.* at 2). American Specialty does recognize, however, that Axis's second amended complaint details American Specialty's alleged obligations under the relevant agreements. (ECF 39 at 2). American Specialty also concedes that Axis does not need to attach copies of the written agreements at issue to its complaint. (*Id.* at 2-3). Nonetheless, American Specialty contends it is unable to properly answer the allegations in the second amended complaint unless the specific provisions of the agreements are directly cited to. (*Id.* at 3-4).[2]

---

[2]While American Specialty's motion is attacking the supposed ambiguity of Axis's second amended complaint, at multiple points in its motion and reply, it also takes issue with Axis's motion to strike portions of its initial answer (ECF 22). (*See* ECF 35 at 2; ECF 39 at 1, 1 n.1, 2, 3). There, Axis requested that the Court strike multiple paragraphs of American Specialty's answer where it had stated that the "documents speak for themselves." (ECF 22 at 5). To the extent that American Specialty is attempting to head off a motion to strike, such efforts are premature. The Court, however, cautions American Specialty that "[c]ourts have expressly held that a response indicating that a document 'speaks for itself' is insufficient under the Federal Rules." *Ind. Reg'l Council of Carpenters Pension Tr. Fund v. Fid. & Deposit Co. of Md.*, No. 2:06-CV-32-PPS-PRC, 2006 WL 3302642, at *2 (N.D. Ind. Nov. 9, 2006) (collecting cases); *see Do it Best Corp. v. Heinen Hardware, LLC*, No. 1:13-CV-69, 2013 WL 3421924, at *5 (N.D. Ind. July 8, 2013) (collecting cases); *Cont'l Cas. Co. v. Duckson*, No. 11-CV-00459, 2011 WL 2293873, at *2 (N.D. Ill. June 9, 2011); *Rudzinski v. Metro. Life Ins. Co.*, No. 05C 0474, 05 C 0474, 2007 WL 2973830, at *4 (N.D. Ill. Oct. 4, 2007) ("[T]his device is frequently, and improperly, employed by lawyers who would prefer not to admit something that is alleged about a document in a complaint." (citing *State Farm Mut. Auto. Ins. Co. v. Riley*, 199 F.R.D. 276 (N.D. Ill. 2001))).

*B. Legal Standard*

A party may move for a more definite statement of a pleading that is "so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). "In general, motions for a more definite statement under Rule 12(e) are appropriate when a 'pleading fails to specify the allegations in a manner that provides sufficient notice.'" *Malekpour v. LaHood*, No. 12 C 6999, 2012 WL 5996375, at *1 (N.D. Ill. Nov. 30, 2012) (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002)). However, "because of the availability of extensive discovery, Rule 12(e) motions are disfavored and reserved for the rare case where the answering party will not be able to frame a responsive pleading." *Couponcabin LLC v. Savings.com, Inc.*, No. 2:14-CV-39-TLS, 2016 WL 3181826, at *8 (N.D. Ind. June 8, 2016) (internal quotation marks omitted) (quoting *Nikolic v. St. Catherine Hosp.,* No. 2:10 CV 406, 2011 WL 4537911, at *6 (N.D. Ind. Sept. 28, 2011)).

"To survive a Rule 12(e) motion on a contract claim, the plaintiff must recite the relevant agreement, the basic contents of that agreement, and the pertinent parties." *Emp'rs Mut. Cas. Co. v. Downey Excavation, Inc.*, No. 10-CV-02043-MSK-KMT, 2011 WL 1335839, at *1 (D. Colo. Apr. 7, 2011) (quoting *555 M Mfg., Inc. v. Calvin Klein, Inc.*, 13 F. Supp. 2d. 719, 724 (N.D. Ill. 1998)). "A more definite statement is required in claims involving contracts when the 'defendants can only guess [as] to what conduct and contract(s) [an] allegation refers.'" *Defined Space, Inc. v. Lakeshore E., LLC*, 797 F. Supp. 2d 896, 898 (N.D. Ill. 2011) (alterations in original) (quoting *Jackson Nat'l Life Ins. Co. v. Gofen & Glossberg, Inc.*, 882 F. Supp. 713, 726 (N.D. Ill. 1995)).

*C. Analysis*

Here American Specialty has not shown that Axis's second amended complaint is "so vague and ambiguous" that it cannot reasonably be expected to respond. While American Specialty argues that the second amended complaint lacks particularity despite its "volume," in under twenty pages it details a business relationship between two sophisticated entities and the facts giving rise to this dispute which began as early as 2013. (*See* ECF 31 ¶ 58). Within those pages, Axis clearly identifies the parties—itself and American Specialty—and the contract at issue here—the PMA, which incorporates the UGA and the Claims Agreement.

Further, American Specialty has not been left to guess as to what contract and conduct are at issue. Though American Specialty initially appeared confused as to what agreement was at issue, (*see* ECF 35 at 1 ("Axis's Second Amended Complaint mentions a variety of different contracts, agreements, and documents, including the Program Manager Agreement (PMA), Underwriting Guidelines, Claims Agreement, The Team's 2013 Insurance Program, American Specialty's Excess Policy Proposal, and American Specialty's Excess Policy Binder")), by its reply American Specialty admits that there are only three "alleged agreements—the [PMA], the [UGA], and the Claims Agreement." (ECF 39 at 2). Additionally, as already noted, Paragraphs 58-128 of the second amended complaint provide a narrative detailing American Specialty's alleged conduct which gave rise to the present dispute. Still more, Axis summarizes its breach of contract claim in paragraph 136. Thus, even though Axis does not specifically cite the exact provisions of the agreements, it can hardly be said that American Specialty lacks notice as to what contract and conduct are at issue in the second amended complaint.

*D. Conclusion*

In summation, Axis has adequately given American Specialty notice of its breach of contract claim. As a result, American Specialty's motion for a more definite statement (ECF 34) is DENIED. American Specialty is afforded to and including November 20, 2019, to answer or otherwise respond to Axis's second amended complaint (ECF 31).

SO ORDERED.

Entered this 6th day of November 2019.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge