UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| AXIS INSURANCE COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Case No.: 1:19-cv-00165-DRL-SLC |
| ) | |
| AMERICAN SPECIALTY INSURANCE ) | |
| & RISK SERVICES, ) | |
| ) | |
| Defendant. ) | |

## PLAINTIFF AXIS INSURANCE COMPANY'S
## MOTION FOR ENTRY OF PROTECTIVE ORDER

Plaintiff AXIS Insurance Company ("AXIS"), pursuant to Federal Rule of Civil Procedure 26(c), Local Rules 5-3(c) and 7-1, and *Citizens First National Bank of Princeton v. Cincinnati Insurance Co.*, 178 F.3d 943 (7th Cir. 1999), and its progeny, respectfully moves the Court to enter the proposed Protective Order attached hereto as **Exhibit 1**, and in support thereof, states:

1. The parties have begun discovery in this action, and there is a reasonable basis to believe that such discovery will implicate documents and information that either or both parties deem confidential and sensitive and that is not available in the public domain ("Confidential Information"). For example, the written settlement agreements that document the settlement for which AXIS is seeking indemnity in this action contain confidentiality clauses that require the contracting parties to preserve their confidentiality. The parties in this action have also served written discovery requests seeking non-public information relating to strategic business decisions as well as private customer information.

US.125817230.04

2. Use or disclosure of Confidential Information outside the scope of this litigation, and/or improper use of the Confidential Information by the parties, could cause irreparable harm.

3. Rule 26(c) provides that, for good cause shown, the Court "may issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including an order "specifying terms . . . for the disclosure or discovery" and requiring "that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." Fed. R. Civ. P. 26(c)(1)(B) & (G).

4. AXIS prepared a Stipulated Protective Order based on the United States District Court for the Southern District of Indiana's uniform order. In September, AXIS provided this draft to American Specialty.

5. Through multiple rounds of negotiating, the parties have agreed on nearly all aspects of a revised Stipulated Protective Order. However, American Specialty continues to insist that a proposed order must contain language that unreasonably limits AXIS's ability to prepare its case in this action, without sufficient justification.

6. First, although American Specialty agrees that AXIS's counsel of record and their employees who assist them may access Confidential Information, *see* Ex. 1 § V.B.2, American Specialty also insists on including language limiting the Faegre Baker Daniels LLP employees who may access Confidential Information. American Specialty would allow items to be shown to current employees only "if the employee is also an author or recipient of the document and the employee's access to the Confidential [I]nformation is limited solely to the document that the employee authored or received." *Compare id.* § V.B.8. Because AXIS's counsel of record are Faegre Baker Daniels LLP attorneys, AXIS objects to including such a requirement because it is confusing, unnecessary, and could be construed as limiting undersigned counsel's ability to

US.125817230.04

review information exchanged in this matter and provide fulsome, unobstructed legal advice to AXIS.

7. Second, American Specialty continues to insist that the protective order prohibit a party (or its counsel) from showing confidential information to any individual who does not fit one of the specific, narrow categories outlined in § V.B.1-8, unless the party first obtains the opposing party's approval or an order from the Court. This unusual limitation would give one party the opportunity to preview, and object to, individuals with whom the opposing party seeks to discuss Confidential Information in preparing its case, whether or not that party has disclosed the individual as a witness and whether or not the individual has executed a written undertaking to abide by the terms of the Protective Order and to preserve Confidential Information. Thus, if the opposing party does not consent in advance, the party seeking to use Confidential Information to consult with potential witnesses must then take its request to the Court through a formal motion. This would, of course, ensure additional burdens on the Court and risks putting the Court in the position of micromanaging the parties' discovery. Conversely, AXIS's alternative proposal—that any person with relevant testimony must agree in writing to be bound by the Protective Order before accessing Confidential Information—ensures that the parties' Confidential Information will remain protected (under threat of sanctions by the Court), without requiring the parties to prematurely reveal their confidential case strategy and work-product to the opposing party. *See id.* § V.B.9.

8. AXIS's proposed Protective Order balances the interests of the Parties by allowing the Parties and their attorneys, experts, and deponents to obtain and use Confidential Information in the course of this litigation under reasonable, appropriate, and commonplace procedures. *See* Ex. 1. AXIS reasonably expects that these terms will prevent parties, counsel,

3

and witnesses from using Confidential Information for other purposes or disclosing it outside the confines of this litigation.

9.     Pursuant to Local Rule 37-1, counsel for AXIS has attached a certification that describes attorney Stephanie Gutwein's good faith attempts to confer with opposing counsel and resolve without court action the two remaining issues concerning the proposed Protective Order.

WHEREFORE, AXIS respectfully requests this Court's entry of the Protective Order attached hereto as Exhibit 1 and all other just and appropriate relief.

Dated: December 10, 2019

Respectfully submitted,

FAEGRE BAKER DANIELS LLP

By: */s/ Stephanie L. Gutwein*
    Kevin M. Toner
    Ryan M. Hurley
    Stephanie L. Gutwein
    Emily A. Kile-Maxwell
    FAEGRE BAKER DANIELS, LLP
    300 North Meridian Street, Suite 2700
    Indianapolis, IN 46204
    (317) 237-0300
    Kevin.Toner@faegrebd.com
    Ryan.Hurley@faegrebd.com
    Stephanie.Gutwein@faegrebd.com
    Emily.Kilemaxwell@faegrebd.com

*Attorneys for Plaintiff AXIS Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that on December 10, 2019, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ <u>Stephanie L. Gutwein</u>