UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| AXIS INSURANCE COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:19-cv-00165-DRL-SLC |
| | ) |
| AMERICAN SPECIALTY | ) |
| INSURANCE & RISK SERVICES, | ) |
| INC., | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

Before the Court are four motions seeking to maintain various documents and portions thereof under seal. (ECF 129, 132, 138, 140). Plaintiff Axis Insurance Company ("Axis") filed the first (ECF 129) on October 12, 2021, seeking to maintain portions of its own motion to extend case management deadlines (ECF 126) and supporting exhibits (ECF 128) under seal in an attempt to comply with the Court's Protective Order (ECF 47-1, 55). Similarly, Defendant American Specialty Insurance & Risk Services, Inc. ("American Specialty"), filed the second motion (ECF 132) on October 13, 2021, seeking to maintain its reply to its motion for leave to amend its answer (the "reply") (ECF 133) under seal for the same reason. On October 22, 2021, however, Axis filed a motion asserting that good cause exists to maintain portions of American Specialty's reply (ECF 138) under seal, and on November 3, 2021, American Specialty filed a motion asserting that good cause exists to maintain portions of Axis's motion to extend case management deadlines and supporting exhibits (ECF 126, 128) under seal. For the following reasons, the first two motions to seal (ECF 129, 132) will be DENIED, but the second two motions to seal (ECF 138, 140) will be GRANTED.

### I. Legal Standard

Northern District of Indiana Local Rule 5-3 provides that "[t]he clerk may not maintain a filing under seal unless authorized to do so by statute, court rule, or court order." N.D. Ind. L.R. 5-3(a). Further, "[d]ocuments that affect the disposition of federal litigation are presumptively open to public view." *Goesel v. Boley Int'l (H.K.) Ltd.*, 738 F.3d 831, 833 (7th Cir. 2013) (quoting *In re Sprecht*, 622 F.3d 697, 701 (7th Cir. 2010)). That being said, Federal Rule of Civil Procedure 26(c) allows the Court to seal all or part of the record for good cause shown. *See Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999). "A district court's decision to seal portions of the record is reviewed for abuse of discretion." *Cnty. Materials Corp. v. Allan Block Corp.*, 502 F.3d 730, 730 (7th Cir. 2007).

### II. Analysis

As mentioned, the first two motions (ECF 129, 132) were filed by the parties to comply with the Court's Protective Order (ECF 47-1, 55). More specifically, both parties contend that their respective filings contain material that the other party had designated as confidential pursuant to the Protective Order. (ECF 129 ¶¶ 3-5; ECF 132 ¶¶ 2-3). However, as the Court explained in its Order adopting the Protective Order, "the [Protective] Order does not authorize either party to file or maintain any document under seal. That is, NO DOCUMENT OR PORTION OF A DOCUMENT WILL BE MAINTAINED UNDER SEAL IN THE ABSENCE OF AN AUTHORIZING STATUTE, COURT RULE, OR FURTHER LEAVE OF COURT." (ECF 55 at 2). Because neither motion establishes good cause for maintaining any portion of the identified documents under seal, and because the motions will be mooted by the Court's rulings on the subsequent motions to seal (ECF 138, 140), the first two motions to seal (ECF 129, 132) will be denied.

Turning next to Axis's October 22, 2021, motion, Axis contends that good cause exists to maintain the reply under seal because it contains terms of a confidential settlement agreement entered into by Axis and the Tampa Bay Buccaneers resolving the insurance dispute that gave rise to this litigation. (ECF 138). Axis asserts that the settlement agreement should be maintained under seal in part because the terms of the agreement require that it be kept confidential. (*Id.* ¶ 7). It also notes that the terms of the settlement agreement were only submitted to the Court in order to resolve procedural matters—that is, American Specialty's motion for leave to amend its answer—but not to "argue the merits of the case." (*Id.* ¶ 10 (quoting *Am. Chem. Serv., Inc. v. United States Fid. & Guar. Co.*, No. 2:13-cv-177-TLS-JEM, 2013 WL 12309458, at *2 (N.D. Ind. Dec. 26, 2013))). Accordingly, Axis argues that the terms of the agreement should remain under seal. (*Id.*).

As an initial matter, the terms of the confidential settlement agreement alone are insufficient to maintain the reply under seal. *See Goesel*, 738 F.3d at 835 ("In neither case have [the parties] offered any reason for secrecy except that they have a confidentiality agreement. Obviously that's insufficient . . . ."); *see also Razon v. Vyas*, No. 2:16-CV-441-RL-JEM, 2017 WL 3503395, at *2 (N.D. Ind. July 6, 2017). That being said, the terms of the settlement agreement are not subject to any judicial action at this time. *See Goesel*, 738 F.3d at 834 ("If though it is part of the judicial record the settlement is made without any court action (approval, disapproval, or approval with modifications as in *Goesel*) there will rarely be a good reason to require that its terms be made public, because making them public would not reveal anything about judicial activity."); *see also LEAP Sys., Inc. v. MoneyTrax, Inc.*, 638 F.3d 216, 220 (3d Cir. 2011) ("[S]ettlement agreements reached without court assistance or intervention will not be treated as 'judicial records' for purposes of the 'right of access' doctrine."). Also, the Court has

3

already granted a motion filed by Axis seeking to seal portions of the settlement agreement which were referenced or attached as exhibits to American Specialty's motion for leave to amend its complaint. (ECF 137; *see* ECF 124). Given these circumstances, the Court will grant Axis's motion to seal filed on October 22, 2021. (ECF 138).

Next, American Specialty seeks to maintain under seal its underwriting department handbook, and quoted portions thereof, filed in support of Axis's motion to extend case management deadlines. (ECF 140; *see also* ECF 126, 127-5, 128). American Specialty contends that the underwriting department handbook contains "proprietary and confidential business information regarding American Specialty's internal underwriting processes and operations, including but not limited to, American Specialty's underwriting record procedures, American Specialty's service standards, identification of rating programs used, and the underwriting procedures for general liability, stop gap liability, liquor liability, property, auto, and umbrella policies." (ECF 140 ¶ 11). American Specialty maintains that it would be harmed economically if other companies were permitted to learn the steps involved in its underwriting process and copy them. (*Id.* ¶ 12). In any event, American Specialty, like Axis, argues that the material it seeks to maintain under seal is not central to any claim currently before the Court. (*Id.* ¶ 8).

American Specialty has shown good cause to maintain its underwriting department handbook under seal. Indeed, courts have consistently held that similar material as entitled to protection pursuant to Federal Rule 26. *See, e.g., Smith v. PHH Mortg. Corp.,* No. 1:15-CV-00010-JTM, 2015 WL 5432436, at *4 (N.D. Ind. Sept. 15, 2015) (finding Nationwide Affinity Insurance Company's claims handling manuals and instructional materials to be protectable information); *Hamilton v. State Farm Mut. Auto. Ins. Co.*, 204 F.R.D. 420, 423-24 (S.D. Ind. 2001) (finding State Farm's claim handling policies, practices, and procedures to be protectable

trade secrets).  Also, just as was the case with Axis's settlement agreement, the terms of American Specialty's underwriting department handbook were ancillary to the Court's ruling on the motion to extend case management deadlines, and as such, its disclosure would not "reveal anything about judicial activity."  *See Goesel*, 738 F.3d at 835.  Accordingly, American Specialty's motion to seal (ECF 140) will also be granted.

### III.  Conclusion

In summary, both Axis's October 12, 2021, motion (ECF 129) and American Specialty's October 13, 2021, motion (ECF 132) fail to establish "good cause" to seal the documents in question and are otherwise moot given the Court's ruling on the two later motions.  The motions (ECF 129, 132) are therefore DENIED.  Axis's motion to maintain portions of American Specialty's reply (ECF 138) under seal, however, is GRANTED.  The Clerk is DIRECTED to maintain American Specialty's reply (ECF 133) UNDER SEAL.  Further, American Specialty's motion to maintain portions of Axis's motion to extend case management deadlines under seal (ECF 140) is also GRANTED.  The Clerk is DIRECTED to maintain ECF 126 and ECF 128 UNDER SEAL.[1]

SO ORDERED.

Entered this 30th day of November 2021.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge

---

[1] American Specialty also asks that the Court maintain the redactions in the publicly filed version of Plaintiff's motion (ECF 129-1).  (ECF 140 ¶ 16).  Because the redacted material qualifies for protection, the Court will allow the publicly filed redacted version of the motion (ECF 129-1) to remain on the docket as is.