UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| AXIS INSURANCE COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:19-cv-00165-DRL-SLC |
| | ) |
| AMERICAN SPECIALTY INSURANCE & RISK SERVICES, INC., | ) ) ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

Before the Court is a motion for attorneys' fees (ECF 105) filed by Plaintiff Axis Insurance Company ("Axis") on August 2, 2021, in response to the Court's provisional award of fees on July 12, 2021 (ECF 98), in relation to Axis's successful first motion to compel (ECF 72). Defendant American Specialty Insurance & Risk Services, Inc. ("American Specialty"), filed a response on August 9, 2021 (ECF 110), and Axis filed a reply on August 23, 2021 (ECF 111). On February 14, 2022, Axis filed a motion to supplement its fee request to include fees incurred litigating its initial request (ECF 105) and American Specialty's objection to the Undersigned's provisional award of fees (ECF 101). (ECF 185). American Specialty filed a response to Axis's motion to supplement on March 9, 2022 (ECF 194), to which Axis replied on March 16, 2022 (ECF 197). Accordingly, the matter of attorneys' fees stemming from Axis's motion to compel and related filings is fully briefed and ripe for adjudication. For the following reasons, Axis's motion (ECF 105) and supplemental motion (ECF 185) will be GRANTED IN PART.

*A. Background*

On July 12, 2021, the Undersigned entered an Opinion and Order (ECF 98) partially granting Axis's motion to compel (ECF 72) and provisionally granting Axis's request for attorneys' fees pursuant to Federal Rule of Civil Procedure 37(a)(5)(A). However, because the Court is only authorized to award a party's "reasonable" attorneys' fees, the Court directed Axis to file an affidavit detailing its fee calculation. (ECF 98 at 25-26).

On July 26, 2021, however, American Specialty filed an objection (the "Objection") requesting the District Court Judge review the July 12, 2021, Opinion and Order as to the provisional award of fees. (ECF 101). On December 6, 2021, after the matter was fully briefed (*see* ECF 108, 109), District Court Judge Damon Leichty overruled the Objection—affirming the July 12 Opinion and Order and "leaving to the [Undersigned] a ruling on a reasonable fee and cost award" (ECF 147 at 5). Accordingly, the Court now turns to Axis's fee requests.

On August 2, 2021, Axis filed its motion for attorneys' fees (ECF 105) and supporting affidavit (ECF 106) requesting $126,334.40 in fees for roughly 239 hours of work. (*See* 105 at 12). In the motion, Axis requests fees for work stemming from its initial meet-and-confer attempts through its reply in support of the motion to compel, excluding time spent exclusively on its subpoena to Brown & Brown of Florida ("Brown & Brown'), and reducing time spent responding to both Brown & Brown and American Specialty's discovery responses by 10%.[1] (ECF 105 at 7-10). Axis's fee request can be broken down as follows:

---

[1] The Court directed Axis to exclude time spent on work relating to its subpoena requesting documents from Brown & Brown, as American Specialty's response to the motion to compel, in that regard, was substantially justified. (ECF 98 at 25). In its motion for fees, Axis reduced by 10% its "blended time" spent on both the Brown & Brown subpoena and American's Specialty's discovery responses. (ECF 105 at 10). While American Specialty in passing contends that it is "impossible" to perfectly separate the time spent between the two issues (ECF 110 at 7), the 10% reduction proposed by Axis is reasonable. As Axis explained in its brief in support of the motion to compel, Brown & Brown is American Specialty's parent company and saw itself as American Specialty's "in house counsel." (ECF 73 at 4; ECF 74-10). Both entities were represented by the same counsel, and the concerns and arguments raised by

2

- As to Attorney Ryan Hurley, a partner, Axis requests fees for roughly 29 hours of work at a rate of $625 per hour and roughly 11.8 hours at a rate of $650, for a total of $25,827.25;
- As to Attorney Stephanie Gutwein, an associate, Axis requests fees for roughly 51.6 hours of work at a rate of $515 per hour and roughly 71.4 hours at a rate $570 per hour, for a total of $67,264.65;
- As to Attorney Emily Kile-Maxwell, an associate, Axis requests fees for roughly 13.2 hours of work at a rate of $390 per hour and roughly 41.4 hours of work at $445 per hour, for a total of $23,528.70;
- As to Attorney Susanne Johnson, an associate, Axis requests fees for roughly 13.8 hours of work at a rate of $545 per hour, for a total of $7,542.80;
- As to Paralegal Amanda Castor, Axis requests fees for roughly 2.9 hours of work at a rate of $315 per hour, for a total of $907.20;
- As to Paralegal Benjamin Kuzola, Axis requests fees for roughly 2.8 hours at a rate of $320 per hour, for a total of $892.80; and
- As to Litigation Support Specialist Justin Daugherty, Axis requests fees for roughly 1.4 hours of work at a rate of $265 per hour, for a total of $371.[2]

(ECF 105 at 12; *see also* ECF 106).

After the motion for fees was fully briefed and after the District Court Judge ruled on the Objection, Axis filed a motion to supplement its fee requests to include $29,296.02 in fees for approximately 67 hours spent litigating the motion for fees and $17,146 in fees for approximately 34 hours litigating the Objection. (ECF 185). As Axis explains, it is only seeking 89.15% of the fees actually incurred litigating the motion for fees in order to bring the fees in

---

both sides over the subpoena responses largely mirrored those raised concerning American Specialty's discovery responses. As such, the issues were substantially intertwined and overlapped greatly. In any event, Axis's argument in its brief to the motion to compel as to the Brown & Brown subpoena consisted of roughly 1.5 pages, or roughly 6% of the total 26-page brief. (*See* ECF 73).

[2] For ease of reference, the Court calculated the total hours requested for each professional by adding the entries in the "Hours Subtotal" column in Axis's spreadsheet showing its calculation methodology. (*See* ECF 105 at 12). The Court calculated total fees for each professional by adding the entries in the "Total" column. (*See id.*). In doing so, the Court observes that the "Hours Subtotal" entries are rounded to the nearest tenth, while the actual time entries—specifically the "90% of Post-Subpoena Blended Time" column—are rounded to the nearest hundredth. (*Id.*). Because Axis calculated its total fee request for each professional by calculating the relevant time entries by the applicable rate, rather than just the rate multiplied by the "hours subtotal," the hour-counts used by the Court here do not exactly correspond to Axis's requests. By way of illustration, Axis's spreadsheet shows a request for 3.51 hours of "Post-Subpoena Blended Time" performed by Attorney Hurley during the month of February 2021, at a rate of $650 per hour, for a total $2,281.50. (*Id.*). The "Hours Subtotal" column, however, is rounded down to 3.5 hours, which when multiplied by 650, results in a slightly lower amount than requested ($2,275.00). Because the Court is simply contextualizing Axis's request, and ultimately reduces Axis's total request without reference to specific time entries, the Court will use the less precise calculation of Axis's requested hours.

3

line with roughly 25% of the time it spent litigating the motion to compel.[3] (*Id.* at 4). For the time spent litigating the motion for fees, Axis's request can be broken down as follows:

- As to Attorney Ryan Hurley, Axis requests fees for 7.9 hours of work at a rate of $650 per hour, for a total of $5,135;
- As to Attorney Stephanie Gutwein, Axis requests fees for 29.5 hours of work at a rate of $570 per hour, for a total of $16,815;
- As to Attorney Emily Kile-Maxwell, Axis requests fees for 9.1 hours of work at a rate of $445 per hour, for a total of $4,049.50;
- As to Attorney Elizabeth Charles, Axis requests fees for 5.4 hours of work at a rate of $370 per hour, for a total of $1,998; and
- As to Paralegal Benjamin Kuzola, Axis requests fees for 15.2 hours at a rate of $320, for a total of $4,864.

(ECF 186 at 8). For the time spent litigating the Objection, Axis's request can be broken down as follows:

- As to Attorney Ryan Hurley, Axis requests fees for 2.4 hours of work at a rate of $650 per hour, for a total of $1,560;
- As to Attorney Stephanie Gutwein, Axis requests fees for 19.8 hours of work at a rate of $570 per hour, for a total of $11,286;
- As to Attorney Emily Kile-Maxwell, Axis requests fees for .60 hours of work at a rate of $445 per hour, for a total of $267; and
- As to Attorney Elizabeth Charles, Axis requests fees for 10.9 hours of work at a rate of $370 per hour, for a total of $4,033.

(*Id.*).

In total, then, Axis is requesting $172,776.42 in fees for its motion to compel, litigating its fee request, and litigating the Objection. American Specialty contends that both the rates and hours billed by Axis for litigating the motion to compel, and the subsequent Objection and fee request, are excessive, and requests that the Court reduce American Specialty's fees to no more than $25,564.67 for the motion to compel and no more than $9,682.92 for the Objection and fee request. (ECF 110 at 14; ECF 194 at 14).

---

[3] Axis asserts it actually incurred $32,861.50 in fees litigating the motion for fees. (ECF 185 at 4).

4

*B. Legal Standard*

As explained in its July 12, 2021, Opinion and Order granting Axis's motion to compel, the Court "must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion [to compel] . . . to pay the movant's reasonable expenses incurred in making the motion, including [attorneys'] fees." (ECF 98 at 23 (quoting Fed. R. Civ. P. 37(a)(5)(A))). "Nevertheless, the Court still must be satisfied that the amount requested in obtaining the order on the motion to compel is reasonable . . . ." *Priest v. Brummer*, No. 1:06-CV-65, 2007 WL 2904086, at *2 (N.D. Ind. Oct. 3, 2007).

"Reasonable attorney fees under Rule 37 are calculated using the 'lodestar' method, which is a reasonable hourly rate multiplied by the hours reasonably expended." *L.H.H. ex rel. Hernandez v. Horton*, No. 2:13-CV-452-PRC, 2015 WL 1057466, at *1 (N.D. Ind. Mar. 10, 2015). "A reasonable rate is one 'derived from the market rate for the services rendered.'" *Id.* (quoting *Pickett v. Sheridan Health Care Ctr.,* 664 F.3d 632, 640 (7th Cir. 2011)). "The Court must also determine whether an attorney's requested award is for hours reasonably spent." *Zimmer, Inc. v. Beamalloy Reconstructive Med. Prods., LLC*, No. 1:16-cv-00355-HAB-SLC, 2019 WL 2635944, at *4 (N.D. Ind. June 27, 2019). "Ultimately, the party seeking an award of attorneys' fees bears the burden of proving the reasonableness of the hours worked and the hourly rates claimed." *Bratton v. Thomas L. Firm, PC*, 943 F. Supp. 2d 897, 902 (N.D. Ind. 2013). The Court, however, has "wide discretion in determining the appropriate amount of attorneys' fees and costs . . . ." *Spegon v. Cath. Bishop of Chi.*, 175 F.3d 544, 550 (7th Cir. 1999). "The Court must provide a reasonably specific explanation for all aspects of a fee determination, but its explanation need not be lengthy." *Ozinga v. U.S. Dep't of Health & Hum.*

*Servs.*, No. 13 C 3292, 2018 WL 2320933, at *2 (N.D. Ill. May 22, 2018) (citation and internal quotation marks omitted).

C. *Reasonable Rates*

For both the motion for fees (ECF 105) and the motion to supplement (ECF 185), Axis provides an affidavit from Attorney Hurley attesting to the reasonableness of Axis's counselors' rates, as well as the actual invoices of the time billed. (ECF 106, 106-1, 186, 186-1). In response to each motion, American Specialty contends that Axis's counsel's requested rates are unreasonable. (ECF 110 at 4-6; ECF 194 at 5). In particular, American Specialty contends that the rates should be reduced to rates customarily paid in the Northern District of Indiana, rather than relying on the rates its counsel charges in Indianapolis. (*Id.*). Further, American Specialty relies on a variety of cases in the Northern and Southern Districts of Indiana in which fees at lower rates were awarded and points specifically to the case of *Zimmer, Inc. v. Beamalloy Reconstructive Medal Products*, where the Undersigned granted a fee request involving many of the same attorneys at issue here (Attorneys Hurley, Gutwein, and Kile-Maxwell) using significantly lower hourly rates. (ECF 110 at 5; ECF 194 at 7).

"When calculating attorneys' fees, the reasonable hourly rate is to be derived from the market rate for the services rendered." *Denius v. Dunlap*, 330 F.3d 919, 930 (7th Cir. 2003). While it is the moving party's burden to show the requested fees are reasonable, where attorneys "provide the rates actually billed, the burden shifts to the party opposing the fee award to demonstrate why a lower rate should be awarded." *Zimmer, Inc.*, 2019 WL 2635944, at *7; *see also Pickett*, 664 F.3d at 640 ("If the fee applicant satisfies this burden, the burden shifts to the other party to offer evidence that sets forth 'a good reason why a lower rate is essential.'") (quoting *People Who Care v. Rockford Bd. of Educ.,* 90 F.3d 1307, 1313 (7th Cir. 1996)); *Davis*

6

*v. Lakeside Motor Co.*, No. 3:10-CV-405 JD, 2014 WL 3341033, at *2 (N.D. Ind. July 7, 2014) ("The Court presumes that an attorney's actual billing rate for similar litigation is appropriate to use as the market rate.").

Here, Axis's attorneys have provided the rates its attorneys actually charged (*see* ECF 106 at 5; ECF106-1; ECF 186 at 4; ECF 186-1), and therefore American Specialty must provide a "good reason" why a lower rate is essential.[4]  It has not.

First, American Specialty's assertion that the Court should use fee rates prevalent in the Northern District of Indiana is unconvincing. "To begin with, the Seventh Circuit Court of Appeals has held that it is equally plausible to read 'community' as referring to a community of practitioners instead of, as [American Specialty] suggest[s], a local market area." *L.H.H. ex rel. Hernandez*, 2015 WL 1057466, at *2. Further, "even if 'community' means the local market, it is not as if [Axis's counsel] is from some far-flung locale. Many litigants before this Court hire [Indianapolis] attorneys, who presumably charge [Indianapolis] rates." *Id*. In any event, because the Court is able to determine the actual billing rate used, there is no need to rely on additional evidence. *See People Who Care*, 90 F.3d at 1310 ("If the court is unable to determine the attorney's true billing rate, however (because he maintains a contingent fee or public interest practice, for example), then the court should look to the next best evidence—the rate charged by

---

[4] American Specialty suggests in its response to the motion to supplement that Attorney Hurley's affidavits are insufficient to establish that Axis's counsel's rates are reasonable. (ECF 194 at 3-4 ("An attorney's self-serving affidavit alone cannot satisfy the plaintiff's burden of establishing the market rate for that attorney's services." (quoting *Spegon*, 175 F.3d at 559)). Here, though, Axis provides not only Attorney Hurley's affidavits, but also the invoices actually charged to Axis. (*See* ECF 106-1, 186-1). "In *Spegon,* the Seventh Circuit [Court of Appeals] considered the situation where an attorney, *who had no fee paying clients,* was unable to shift the burden of proof to the defendant to come forward with evidence that the plaintiff's requested rate was reasonable." *U.S.A. v. CDW–Gov't, Inc.*, No. 3:05-cv-00033-DRH-PMF, 2013 WL 11267176, at *2 (S.D. Ill. May 17, 2013). "[T]he Seventh Circuit has developed an approach for establishing the appropriate market rates, and evidence of the prevailing market rate in the community (necessarily evidence beyond the fee petitioner's affidavit) is required only in the absence of evidence of the fee petitioner's actual billing rate." *Id.* at *3 (citations omitted); *see Mathur v. Bd. of Trs. of S. Ill. Univ.*, 317 F.3d 738, 743 (7th Cir. 2003).

lawyers in the community of reasonably comparable skill, experience, and reputation." (citation and internal quotation marks omitted)); *see also Spegon*, 175 F.3d at 555 ("The attorney's actual billing rate for comparable work is 'presumptively appropriate' to use as the market rate." (quoting *People Who Care*, 90 F.3d at 1310)).

American Specialty's reliance on the fees awarded in *Zimmer Inc.*, is similarly misplaced. It is true that "a previous attorneys' fee award is useful for establishing a reasonable market rate for similar work whether it is disputed or not." *Jeffboat, LLC v. Dir., Off. of Workers' Comp. Programs*, 553 F.3d 487, 491 (7th Cir. 2009). Again, though, "[o]nly if an attorney is unable to provide evidence of her actual billing rates should a district court look to other evidence . . . ." *Mathur*, 317 F.3d 738, 743. Here, Axis's counsel's actual billing rates are higher than they were at the time of *Zimmer, Inc.*, but because they are the rates actually billed, the Court does not need to look to other evidence.[5] Accordingly, the Court concludes that Axis's attorney' rates are reasonable and will move on to the number of hours billed.

### D.  Reasonable Hours

1. The Motion to Compel

American Specialty contends that the number of hours sought by Axis for the motion to compel—roughly 239 hours total—is unreasonable. (ECF 110 at 6). Specifically, American Specialty asserts that the motion to compel did not concern factually or legally complex issues— maintaining that it "was largely a dispute over the form of metadata production." (*Id.* at 7). Further, American Specialty contends that Axis inefficiently overstaffed the motion to compel issue resulting in duplicative work, and specifically contends that Attorney Hurley, as a partner, billed an excessive number of hours on this matter. (*Id.* at 8-12). Finally, American Specialty

---

[5] Axis does, however, explain that its counsel negotiated a lower rate with their clients in *Zimmer*. (ECF 111 at 3).

requests that the Court exclude certain "unapportioned block billing," asserting that Axis has failed to show that the time billed was actually spent on compensable activities. (*Id*. at 13-14). For the following reasons, some of the fees sought by Axis appear to be for work that is non-compensable, duplicative, or excessive. *See Small v. Richard Wolf Med. Instruments Corp.*, 264 F.3d 702, 708 (7th Cir. 2001) ("In determining the reasonable number of hours, the court should exclude hours that are 'excessive, redundant or otherwise unnecessary.'" (citation omitted)).

First, Axis seeks compensation for a good deal of time entries dated between February 2020 and January 2021 (*see* ECF 105 at 12), *before* Axis even began drafting the motion to compel (*see* ECF 106-1 at 106) and well before it was filed on February 12, 2021 (ECF 72). That being said, the motion to compel was the result of a long-running discovery dispute between the parties, and much of the time billed reflects Axis's attempts to locate documents it believed were missing from American Specialty's production and conferring with American Specialty in an attempt to cure the alleged defects. *See Rackemann v. LISNR, Inc.*, No. 1:17-CV-00624-MJD-TWP, 2018 WL 3328140, at *6 (S.D. Ind. July 6, 2018) ("[C]ourts in the Seventh Circuit have recognized that these sorts of tasks are made necessary by the opposing party's failure to provide the requested discovery, and may be included in attorney fees." (collecting cases)); *see also Struve v. Gardner*, No. 1:19-CV-04581-RLY-MJD, 2021 WL 1948868, at *2 (S.D. Ind. May 14, 2021) ("[T]here are circumstances in which time spent prior to the filing of a discovery motion are properly included in a fee award under Rule 37."). Accordingly, the Court will consider this time in the context of the larger request for fees.

Next, American Specialty contends that the motion to compel lacked factual and legal complexity, and that Axis billed for duplicative work. All told, Axis's motion to compel (ECF 72) and supporting brief (ECF 73) totaled 29 pages, with 279 pages of supporting documentation

(ECF 74, 75).  By the Court's count, roughly 71 hours of work directly related to the motion to compel was billed to Axis, with 3.2 hours being billed by Ms. Castor (the paralegal), 4.3 hours by Attorney Hurley, 38.2 hours by Attorney Gutwein, and 25 hours by Attorney Kile-Maxwell. (ECF 106-1 at 106-12).  Attorneys Gutwein, Hurley, Kile-Maxwell, and Johnson, and Mr. Kuzola (a Paralegal) billed roughly 60 additional hours to review American Specialty's response and draft a 16-page reply (ECF 90) with 2 pages of supporting documents (ECF 90-1).  (ECF 106-1 at 122-30).

As a whole, this strikes the Court as excessive.  While the motion to compel required Axis to sift through American Specialty's productions to attempt to identify defects, to an extent this would have had to be done anyway.  *See generally Primex, Inc. v. Visiplex Techs., Inc.*, No. 05-C-515-S, 2006 WL 538992, at *3 (W.D. Wis. Feb. 24, 2006) ("While general document review by the attorneys may have been tangentially related to plaintiff's motions to compel it most likely would have been performed regardless.").  Further, the motion to compel largely revolved around factual issues rather than legal complexities.  Indeed, slightly more than 10 pages of Axis's 26-page motion to compel simply recounts the factual background of the discovery dispute.  (ECF 73 at 1-11).  With respect to Axis's arguments regarding the sufficiency of American Specialty's responses to Axis's requests for production, the motion to compel largely came down to Axis's factual arguments that American Specialty either failed to conduct a reasonable search for the requested documents or possibly withheld them.  (*See* ECF 98 at 15); *see generally Catapult Commc'ns Corp. v. Foster*, No. 06 C 6112, 2009 WL 2707040, at *2 (N.D. Ill. Aug. 25, 2009) ("The motion to compel consisted of mainly describing the relevant background information and the interrogatories that were incomplete, explaining the deficiencies in the latter.").  Still more, much of the Court's legal reasoning turned on the fact that American

Specialty advanced arguments in its response to the motion to compel which were not initially raised in its objections to the discovery request. (ECF 98 at 9-20). Finally, the dispute over Axis's metadata request turned more on the requirements of the text of Federal Rule of Civil Procedure 34, rather than a novel legal argument.

And as to the factual background of the motion to compel, Axis's attorneys were not working from a blank slate. Indeed, Axis is also seeking roughly 30 hours of fees associated with researching and drafting its various Federal Rule of Civil Procedure 26(f) letters to American Specialty,[6] advancing many of the same factual and legal arguments. (*Compare* ECF 72, *with* ECF 74-3, 74-5, 74-10). While the Court appreciates that Axis was required to conduct additional reviews of the initially provided discovery given American Specialty's apparently contradictory explanations of its apparent defects, it remains that much of the leg-work for the motion to compel was at least partially done before drafting began. Given this background, and the relative brevity of complex legal arguments, at least some reduction in hours is appropriate. *See Doe v. Howe Mil. Sch.*, No. 3:95-CV-206RM, 1996 WL 939352, at *1-4 (N.D. Ind. Oct. 16, 1996) (concluding that 65.5 hours billed between three attorneys was "exorbitant" where "[f]ifty percent of the memorandum in support of the motion consisted of recitation of background facts and events . . . . [and] [t]he legal discussion was cursory").

Still more, the time Axis billed for "strategizing" or "corresponding" between its attorneys for the motion to compel is duplicative. While there are clear instances in Axis's invoices showing its attorneys working on discrete portions of its motion and reply, at other points multiple attorneys appeared to bill for the same communication between each other. (*See,*

---

[6] Per the Court's count Attorney Gutwein billed roughly 19.3 hours, Attorney Kile-Maxwell billed roughly 6.4 hours, and Attorney Hurley billed 4.2 hours on work directly drafting and/or reviewing the Rule 26(f) letters. (ECF 106-1 at 101-06).

11

*e.g.,* ECF 106-1 at 105 (showing Attorneys Hurley, Gutwein, and Kile-Maxwell billing for strategizing with each other regarding the motion to compel), 106, 111, 122)). "Time spent on . . . work consisting solely of communications among the various attorneys acting as co-counsel for the plaintiffs can not be allowed because such time was duplicative and unnecessary and, therefore, not reasonably spent." *Doe*, 1996 WL 939352, at *4; *see also Arrington v. La Rabida Children's Hosp.*, No. 06 C 5129, 2007 WL 1238998, at *3 (N.D. Ill. Apr. 25, 2007) ("These entries are also duplicative. For example, Ms. Urquhart and Mr. Garbutt *each* billed time for conferring with one another.").

American Specialty's argument regarding the use of block billing is less convincing. While some of Axis's billing entries do not specifically apportion the time spent on compensable work (*see, e.g.,* ECF 106-1 at 33), fee shifting does not require "auditing perfection." *Crissen v. Gupta*, No. 2:12-CV-00355-JMS, 2014 WL 4449928, at *1 (S.D. Ind. Sept. 10, 2014) (citation omitted). "[A]lthough not ideal, block billing is not a prohibited practice in the fee-shifting context." *Loparex, LLC v. MPI Release Techs., LLC*, No. 1:09-CV-01411-JMS, 2011 WL 2066666, at *3 (S.D. Ind. May 25, 2011) (internal citation and quotation marks omitted); *see also Smith v. Nexus RVs, LLC,* No. 3:17-CV-815 DRL, 2021 WL 5411078, at *4 (N.D. Ind. Nov. 19, 2021) ("The attorneys aren't required to record in great detail how each minute of their time was expended, but they should at least identify the general subject matter of their time expenditures.").

That being said, there are simply other entries in Axis's invoices that do not appear sufficiently related to the motion to compel to warrant an award of fees. For example, on July 30, 2020, Attorney Hurley billed .1 hours for emailing American Specialty's counsel regarding rescheduling a meet-and-confer. (ECF 106 at 71). On February 12, 2021, Attorney Gutwein

billed .1 hours for corresponding with the Court's deputy clerk, while Attorney Kile-Maxwell billed .2 hours for calculating and calendaring American Specialty's deadline to the motion to compel. (*Id.* at 111). While these are relatively minor entries, they are administrative matters that should not necessarily be billed to opposing counsel. *See Bratton*, 943 F. Supp. 2d at 907 ("Generally, attorney or paralegal time should not be charged for administrative tasks."); *see also Tecnomatic, S.p.A. v. Remy, Inc.*, No. 1:11-CV-00991-SEB, 2013 WL 6665531, at *3 (S.D. Ind. Dec. 17, 2013). Further on August 3, 2020, Attorney Hurley billed .3 hours for time spent strategizing regarding the "USA triathalon case." (*Id.* at 71). It is not clear what this entry is referring to, and as such, Axis fails to sustain its burden of showing the time was reasonably expended.

In sum, given that many of Axis's billing entries reflect work that is not compensable or redundant, some reduction in time is necessary. While American Specialty cites to various instances where courts within this Circuit have reduced fee requests for a motion to compel in half (ECF 110 at 6), given the length and factual complexity of the motion to compel, the Court will not go that far here. Rather, Axis's $126,334.40 fee request will be reduced by one-third to $84,222.93.[7] *See Evans v. City of Evanston*, 941 F.2d 473, 477 (7th Cir. 1991) (affirming a 30% reduction in fees); *see also Panwar v. Access Therapies, Inc.*, No. 1:12-CV-00619-TWP, 2014 WL 820023, at *11 (S.D. Ind. Mar. 3, 2014) ("The Magistrate Judge sees no utility in attempting to address every questionable line of the 266 entries. Instead, reduction by percentage is more appropriate."); *Lorillard Tobacco Co. v. Elston Self Serv. Wholesale Groceries, Inc.*, 259 F.R.D. 323, 330 (N.D. Ill. 2009) (reducing a fee request by half); *Cooper Tire & Rubber Co. v. Tri-State*

---

[7] Given that this reduction reduces attorneys' fees across the board, the Court sees no need to address American Specialty's arguments relating specifically to Attorney Hurley.

*Tire, Inc.*, No. 85 C 6147, 1986 WL 9185, at *2 (N.D. Ill. Aug. 19, 1986) (reducing a fee request by half).

2. The Objection and Motion for Fees

As mentioned, Axis also seeks to recover 34 hours in fees incurred litigating the Objection (ECF 101) and 67 hours of fees incurred litigating its own motion for fees (ECF 105). While Axis is "entitled to recover a reasonable amount of attorneys' fees for litigating the fee issue . . . ," *Struve*, 2021 WL 1948868, at *3; *see also Catapult Comm'ns*, 2009 WL 2707040, at *2; *L.H.H. ex rel. Hernandez*, 2015 WL 1057466, at *5, Axis still must prove that its requests are reasonable, *Struve*, 2021 WL 1948868, at *4.  Once again, the requested hours should be reduced.[8]

Turning first to the Objection (ECF 105), Axis's response to the Objection is only 10 pages—the last page of which is just a signature line and certificate of service (ECF 108). Further, Axis readily admits in its response that the Objection mostly "rehashes the same arguments [the Undersigned] already rejected . . ." (*Id.* at 4; *see also* ECF 147 at 3 ("American Specialty raises many of the same arguments that it offered in response to the motion to compel, but the magistrate judge soundly addressed these arguments.")). Accordingly, while Axis was addressing these arguments in the context of an objection to the Undersigned's Opinion and Order, rather than a motion to compel, once again Axis was not required to tread totally new ground. Axis's requested fee for 34 hours of work resulting in a substantively 9-page response, then, seems excessive. Given that the bulk of its 9-page response concerned "rehashed" arguments, a further one-third reduction is appropriate. Accordingly, the Court will reduce Axis's requested fees for the Objection from $17,146 to $11,430.66.

---

[8] As already discussed, Axis has provided the actual invoices showing its counsel's hourly rates were actually charged and paid. The Court has already concluded *infra* that Axis's counsel's rates are reasonable.

Regarding the motion for fees itself (that is, "fees-for-fees"), Axis was wise to reduce its request to 25% of the fees requested for the motion to compel. "The Seventh Circuit and district courts have often reduced fees-for-fees in proportion to the underlying litigation." *D.D.M. by O.M.S. v. Sch. City of Hammond*, No. 2:17-CV-177-TLS, 2020 WL 6826490, at *15 (N.D. Ind. Nov. 19, 2020). Often courts will look to the Seventh Circuit's caselaw regarding fee sharing in civil rights cases, limiting requests for "fees-for-fees" to 25% of time spent on a case's merits. *See Ustrak v. Fairman*, 851 F.2d 983, 987-88 (7th Cir. 1988) (finding a fee request unreasonable where "[f]or every hour spent litigating the merits the plaintiff's attorneys devoted almost 15 minutes to preparing a petition requesting fees for that hour"). Other courts have reduced "fees-for-fees" requests by even higher percentages. *See, e.g., Paredes v. Cantu*, No. 4:15-CV-88-JD-JEM, 2017 WL 1906165, at *2 (N.D. Ind. May 10, 2017).

Here though, considering that American Specialty drafted a fairly substantial response to the motion for fees (ECF 110), to which Axis needed to reply (ECF 111), and considering the efforts that Axis already took to limit its fee request to 25% of the fees requested for the motion to compel, a reduction by half seems overly harsh. Rather, given that Axis's requested fees for the motion to compel will be reduced by one-third, the Court will do the same with Axis's "fees-for-fees" request. *See Struve*, 2021 WL 1948868, at *3 ("Accordingly, the Court will reduce the amount sought for the fee petition by 60%, which is approximately the amount that the Court has reduced the amount sought for litigating the merits of the discovery dispute."). This will ensure that Axis's requested "fees-for-fees" do not exceed 25% of the fees awarded for the motion to compel. In total then, Axis's $29,296.02 "fees-for-fees" request will be reduced to $19,530.66.

*E. Conclusion*

In conclusion, Axis's motion for fees (ECF 105) and motion to supplement its request for fees (ECF 185) are GRANTED IN PART as follows: Axis's requested fees for the motion to compel (ECF 72) are reduced from $126,334.4 to $84,222.93. Axis's requested fees for the Objection (ECF 101) are reduced from $17,146 to $11,430.66. Finally, Axis's requested fees for its own motion for fees (ECF 105, 185) are reduced from $29,296.02 to $19,530.66. In total, American Specialty is ORDERED to pay Axis's total fees in the amount of $115,184.25 within 30 days of this Opinion and Order.

SO ORDERED.

Entered this 29th day of March 2022.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge