UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| AXIS INSURANCE COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:19-cv-00165-DRL-SLC |
| | ) |
| AMERICAN SPECIALTY | ) |
| INSURANCE & RISK SERVICES, | ) |
| INC., | ) |
| | ) |
| Defendant. | ) |

## AMENDED OPINION AND ORDER[1]

Before the Court are seventeen motions to seal. (ECF 141, 146, 148, 153, 156, 160, 162, 166, 168, 174, 177, 181, 187, 191, 200, 203, 208). Of these, eight motions (the "American Specialty Motions") have been filed by Defendant American Specialty Insurance ("American Specialty"). (ECF 141, 146, 153, 156, 160, 162, 174, 200). The remaining nine motions (the "Axis Motions") were filed by Plaintiff Axis Insurance Company ("Axis"). (ECF 148, 166, 168, 177, 181, 187, 191, 203, 208). No responses have been filed to any of the American Specialty Motions, and the time to do so has now passed. *See* N.D. Ind. L.R. 7-1(d). American Specialty has filed a response to each Axis Motion (ECF 161, 172, 176, 182, 184, 192, 195, 205, 210), and Axis has filed a corresponding reply (ECF 165, 178, 180, 183, 188, 193, 199, 206, 211). Accordingly, all motions are ripe for adjudication. For the following reasons, the American Specialty Motions (ECF 141, 146, 153, 156, 160, 162, 174, 200) will be DENIED, and the Axis Motions (ECF 148, 166, 168, 177, 181, 187, 191, 203, 208) will be GRANTED.

---

[1] The Court is entering this Amended Opinion and Order solely to clarify and correct an error in the Conclusion of its initial Opinion and Order (ECF 212) as to what docket entries are to remain under seal. (*See* ECF 213, 214).

## I. Legal Standard

Northern District of Indiana Local Rule 5-3 provides that "[t]he clerk may not maintain a filing under seal unless authorized to do so by statute, court rule, or court order." N.D. Ind. L.R. 5-3(a). Further, "[d]ocuments that affect the disposition of federal litigation are presumptively open to public view." *Goesel v. Boley Int'l (H.K.) Ltd.*, 738 F.3d 831, 833 (7th Cir. 2013) (quoting *In re Sprecht*, 622 F.3d 697, 701 (7th Cir. 2010)). That being said, Federal Rule of Civil Procedure 26(c) allows the Court to seal all or part of the record for good cause shown. *See Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999). "A district court's decision to seal portions of the record is reviewed for abuse of discretion." *Cnty. Materials Corp. v. Allan Block Corp.*, 502 F.3d 730, 730 (7th Cir. 2007).

## II. The American Specialty Motions

As to the American Specialty Motions, each motion was submitted in an attempt to comply with the parties' discovery protective order (ECF 47-1, 55) but do not otherwise attempt to establish good cause for maintaining the relevant documents under seal. (*See* ECF 141 ¶ 4, 146 ¶ 4, 153 ¶ 4, 156 ¶ 4, 160 ¶ 4, 162 ¶ 4, 174 ¶ 4, 200 ¶ 4). The Court has already addressed the same situation in three prior Orders. (ECF 93, 137, 145). As the Court has explained, the parties' Protective Order "does not authorize either party to file or maintain any document under seal. That is, NO DOCUMENT OR PORTION OF A DOCUMENT WILL BE MAINTAINED UNDER SEAL IN THE ABSENCE OF AN AUTHORIZING STATUTE, COURT RULE, OR FURTHER LEAVE OF COURT." (ECF 55 at 2; *see also* ECF 93 at 2-3, 145 at 2). Because American Specialty does not, at any point, identify an authorizing statute or court rule, or otherwise attempt to establish "good cause," the American Specialty Motions will be DENIED.

### III.  The Axis Motions

The Axis Motions (ECF 148, 166, 168, 177, 181, 187, 191, 203, 208) will require slightly more attention.  By way of background, both parties' motions to seal stem from the briefing surrounding four motions (the "Discovery Motions):  American Specialty's motion to compel the deposition of Andrew Weissert (ECF 142), Axis's motion for a protective order precluding that deposition (ECF 149), American Specialty's motion to compel the production of documents (ECF 155), and American Specialty's motion to supplement its two motions to compel (ECF 198).  American Specialty filed each of its motions to seal in conjunction with its briefs, exhibits, responses, and replies to these four motions.  (*See* ECF 141, 146, 153, 156, 160, 162, 174, 200).

Axis, in turn, seeks to seal or redact portions of American Specialty's filings to the extent that they include a term of a confidential settlement agreement (the "CSA") resolving an insurance dispute (the "Tynes Litigation") that gave rise to this matter.  (ECF 148, 166, 168, 181, 203).  When American Specialty filed responses in opposition to these initial motions to seal, it included the same term that Axis seeks to seal or redact.  (ECF 161, 172, 176, 182, 184, 205; *see also* ECF 177-1, 177-3, 181-2, 187-1, 191-1, 208-1).[2]  Unsurprisingly, Axis filed the remaining motions in an attempt to seal American Specialty's responses.  (ECF 177, 181, 184, 191, 208).

The parties' arguments in favor of and in opposition to sealing the terms of the CSA are, however, the same across the respective motions and responses.  Axis contends that confidentiality was a bargained for condition of the underlying settlement agreement.  (ECF 148 ¶¶ 10-11, 166 ¶¶ 8-9, 168 ¶¶ 9-10, 177 ¶ 12, 181 ¶ 12, 187 ¶ 10, 191 ¶ 10, 203 ¶ 10).  Similarly, Axis asserts its privacy interest outweighs the presumption of open access, because the terms of the CSA were submitted only to resolve procedural matters—the Discovery Motions and the

---

[2] Because the Court is ultimately granting Axis's requests to seal American Specialty's responses, it will cite to the redacted documents filed by Axis in support of its motions.

subsequent motions to seal—and are in any event, not integral to the Court's resolution of those matters. (ECF 148 ¶¶ 12-13, 166 ¶¶ 10-11, 168 ¶¶ 11-12, 177 ¶¶ 11-12, 181 ¶¶ 8-11, 187 ¶¶ 8-11, 191 ¶¶ 8-11, 203 ¶¶ 8-11). American Specialty, in response, argues that the terms of the CSA go to the heart of its defenses and counterclaims regarding Axis's handling of the underlying insurance dispute. (ECF 177-1 at 5, 177-3 at 6-7, 181-2 at 6, 187-1 at 3, 191-1 at 4, 192 at 4, 195 at 4, 208-1 at 6, 210). American Specialty further maintains that Axis, by filing this lawsuit, must accept the openness that comes with federal litigation. (ECF 177-1 at 6, 177-3 at 8, 181-2 at 6-7, 187-1 at 6, 191-1 at 6, 192 at 4, 195 at 5-6, 208-1 at 6-7, 210).

This is not entirely new ground. On November 30, 2021, the Court entered an Opinion and Order (ECF 145) granting Axis's motion to seal (ECF 138) portions of American Specialty's reply (ECF 133) in support of American' Specialty's motion for leave to amend its Answer (ECF 119). There, Axis sought to redact or seal terms of the CSA for the same reasons at play here, contending that the confidentiality was a bargained for term of the CSA and that the CSA's terms were not material to the motion before the Court. (ECF 138).

In its November 30, 2021, Opinion and Order, the Court observed that "the terms of the confidential settlement agreement alone are insufficient to maintain the reply under seal." (ECF 145 at 3 (citing *Goesel*, 738 F.3d at 835 ("In neither case have [the parties] offered any reason for secrecy except that they have a confidentiality agreement. Obviously that's insufficient . . . ." (alterations in original)); *Razon v. Vyas*, No. 2:16-CV-441-RL-JEM, 2017 WL 3503395, at *2 (N.D. Ind. July 6, 2017))). Nevertheless, the Court granted the motion because the CSA terms were not subject to any judicial action, and their disclosure would not reveal anything about judicial activity. (ECF 145 at 3); *see Goesel,* 738 F.3d at 834 ("If though it is part of the judicial record the settlement is made without any court action (approval, disapproval, or approval with

modifications as in Goesel) there will rarely be a good reason to require that its terms be made public, because making them public would not reveal anything about judicial activity."); *see also LEAP Sys., Inc. v. MoneyTrax, Inc.,* 638 F.3d 216, 220 (3d Cir. 2011) ("[S]ettlement agreements reached without court assistance or intervention will not be treated as 'judicial records' for purposes of the 'right of access' doctrine.").

The Court sees no reason to change course here. The CSA term that Axis seeks to seal or redact was immaterial to the resolution of the Discovery Motions (*see* ECF 207) and is immaterial to the resolution of the motions to seal. At most, the CSA was simply background information that the Court was not required to interpret or weigh in any meaningful way. As such, the term's disclosure would reveal nothing about the judicial process. *Compare Herrnreiter v. Chi. Hous. Auth.*, 281 F.3d 634, 636 (7th Cir. 2002) ("A settlement agreement is a contract, and when parties to a contract ask a court to *interpret* and enforce their agreement, the contract enters the record of the case and thus becomes available to the public . . . ." (emphasis added)).

This is not to say that the terms of the Tynes Litigation CSA should or will always be maintained under seal. American Specialty has now made it clear multiple times that it intends to attack Axis's handling of the Tynes Litigation as part of its defenses and counterclaims, and a review of the CSA terms may be necessary to fully evaluate American Specialty's counterclaims and defenses at trial or by dispositive motion. *See Atlanta Gas Light Co. v. Navigators Ins. Co.*, No. 1:20-CV-02441-JPH-TAB, 2020 WL 7319059, at *2 (S.D. Ind. Dec. 11, 2020) (denying a motion to seal settlement agreements in part because the defendant "relie[d] on sections of these agreements in its brief which [were] integral to addressing [its] motion to dismiss" (citation omitted)). But at this point, in relation to the Discovery Motions and motions to seal, the terms

5

of the CSA were only offered to resolve procedural matters, and not the merits of the case. *See Am. Chem. Serv., Inc. v. U. S. Fid. & Guar. Co.*, No. 2:13-CV-177-TLS-JEM, 2013 WL 12309458, at *2 (N.D. Ind. Dec. 26, 2013). Accordingly, the Axis Motions (ECF 148, 166, 168, 177, 181, 187, 191, 203, 208) will be GRANTED. Should the issue reappear in the future, the Court EXPECTS the parties to reach a mutually agreeable solution rather than burdening the Court's docket with unnecessary and redundant motion practice.

### IV. Conclusion

In sum, the American Specialty Motions (ECF 141, 146, 153, 156, 160, 162, 174, 200) are DENIED, and the Axis Motions (ECF 148, 166, 168, 177, 181, 187, 191, 203, 208) are GRANTED. The Clerk is DIRECTED to maintain ECF 143, 143-1, 143-3, 154, 157, 157-2, 157-4, 161, 163, 172, 175, 176, 182, 184, 198-1, and 205 UNDER SEAL. The Clerk is DIRECTED to UNSEAL ECF 157-1, 157-3, and 175-1.

SO ORDERED.

Entered this 29th day of June 2022.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge